UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marco Dwayne Houston, : Case No. 1:14-cv-956
 :
    Petitioner, :
 :
vs. :
 :
Ron Erdos, Warden, :
 :
    Respondent. :

**ORDER**

On January 12, 2016, the Magistrate Judge issued a comprehensive Report and Recommendations regarding the appropriate resolution of Petitioner's habeas corpus claims. (Doc. 15) Petitioner Houston timely filed objections to that Report. (Doc. 18) After considering Houston's objections, and a de novo review of the record, this Court adopts in full the Magistrate Judge's Report, and overrules the objections.

The factual background, as articulated by the Ohio state courts in Houston's underlying criminal proceedings, are fully set forth in the Report. Briefly summarized, Houston was indicted in 2011 on seven counts of trafficking in and possession of drugs, possession of criminal tools, conspiracy to traffic in drugs, and tampering with evidence. After his motion to suppress was denied by the trial court, Houston entered a no contest plea to three counts of the indictment. The trial court accepted the plea and the parties' agreement regarding an appropriate sentence, and sentenced Houston to an aggregate term of ten years.

Because the trial court accepted his no contest plea, Houston was able to prosecute a direct appeal, in which he raised three claims of error: the denial of his

motion to suppress; ineffective assistance of trial counsel with respect to the suppression motion and by advising him "to withdraw his 'no contest plea' and to plead guilty ..." (Doc. 15 at 5, quoting ECF 7, Ex. 7 at PAGEID 84); and error in sentencing him on three similar charges. After a thorough review of the record, including the suppression hearing testimony, the Ohio court of appeals affirmed Houston's conviction and his sentence. State v. Houston, 2013-Ohio-686 (4th Dist., Feb. 7., 2013). The Ohio Supreme Court denied his petition for review. Houston thereafter filed a motion to reopen his appeal under Ohio Ap. R. 26(B). The court of appeals granted his petition with respect to his first claim of error, that the trial court violated Ohio Crim. R. 11(C)(2), and therefore lacked jurisdiction to impose sentence, when it imposed the maximum penalty for Count 4 as a felony of the third degree. After briefing on this claim, the court of appeals affirmed the trial court, and the Ohio Supreme Court declined review.

      Houston's petition in this case raises seven grounds for relief. Ground One claims the trial court improperly denied his motion to suppress in violation of the Fourth Amendment. Ground Two alleges ineffective assistance of trial counsel with respect to the suppression proceedings. Ground Three alleges a violation of the Due Process, Equal Protection and Double Jeopardy clauses of the Constitution arising from the trial court's failure to merge the multiple offenses to which he pled no contest. Ground Four alleges Sixth and Fourteenth Amendment violations arising from his sentencing on Count 4.

      Ground Five alleges ineffective assistance of appellate counsel in failing to appeal the issue raised in Ground Four. Ground Six alleges ineffective assistance of appellate counsel in failing to appeal trial counsel's failure to seek a Franks hearing

concerning a confidential informant. And Ground Seven alleges error with respect to the state court's denial of his application to reopen his direct appeal on these two claims of ineffective assistance of appellate counsel.

Standard of Review

A federal court may not grant habeas corpus relief to a state prisoner unless it concludes that the state court's adjudication on the merits of the prisoner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). "A state court renders an adjudication 'contrary to' clearly established federal law when it 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law' or 'decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" Carter v. Mitchell, 443 F.3d 517, 524 (6th Cir. 2007), citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

In order to find that the state court's application of federal law is objectively unreasonable, it must be more than simply incorrect. Section 2254 "... preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." Harrington v. Richter, 562 U.S. 86, 102 (2011).

Discussion

Ground One: The Magistrate Judge concluded that Houston is not entitled to habeas relief on his Fourth Amendment claim because he had a full and fair opportunity to litigate that claim in the state court. Houston received an evidentiary hearing on his motion to suppress before the trial court, and Houston's lawyer extensively cross-examined the police officers concerning the circumstances surrounding his arrest and the evidence seized that day. He also raised this claim in his direct appeal. The Ohio Court of Appeals extensively discussed the facts in the record, and concluded that the search and seizure of evidence were both lawful. Houston's petition and traverse brief argue that the state courts erred with respect to his claim; but as the Magistrate Judge correctly noted, the issue before this Court is not whether the state court correctly decided the issue, but whether Houston was afforded a full and fair opportunity to litigate his claim.

In his objections, Houston repeats the argument raised in his traverse, that the claim is reviewable because the allegedly erroneous decision below is the result of ineffective assistance of counsel, citing Kimmelman v. Morrison, 477 U.S. 365 (1986). But as Houston also concedes, the Ohio court of appeals discussed his assertion that his trial counsel was ineffective with respect to briefing the suppression motion and his post-hearing supplement. And that court specifically rejected Houston's argument, finding that he had not shown any deficient conduct by his lawyer nor overcome the presumption that his counsel's trial strategy was sound. (See Doc. 18 at 12, quoting Dkt. 7, Ex. 26 at PAGEID 168-181). In any event, ineffective assistance is raised in Ground Two of his petition; and Houston does not substantively counter the Magistrate

-4-

Judge's conclusion that there is no ineffective assistance of counsel exception to the doctrine set forth in Stone v. Powell, 428 U.S. 465 (1976), barring habeas review of Fourth Amendment claims that were fully and fairly litigated in the state court.

The Court therefore overrules Houston's objections with respect to Ground One, and adopts the Magistrate Judge's recommendation.

Ground Two: Houston alleges ineffective assistance of trial counsel in preparing for and arguing the motion to suppress, and in advising Houston to withdraw a no contest plea and enter a guilty plea. This claim was raised on direct appeal as his second assignment of error, and the Magistrate Judge quotes at length the state court's reasons for denying Houston's claim. (See Doc. 15 at 11-14) In order to establish a cognizable claim of ineffective assistance of counsel, Houston must establish that his lawyer's performance was deficient and that the deficient performance caused him actual prejudice. Strickland v. Washington, 466 U.S. 668 (1984); Berghuis v. Thompkins, 560 U.S. 370, 389 (2010). And in instances in which the state court has ruled on the merits of a federal constitutional claim (as is the case here, as the state courts cited Strickland's test in considering the merits of the claim), a federal habeas court must defer to that ruling unless it is contrary to or an objectively unreasonable application of clearly established federal law articulated by the U.S. Supreme Court. Harrington v. Richter, 562 U.S. 86, 111-112 (2011).

The Magistrate Judge recommended that this claim be dismissed because it is without merit. Houston has not shown how the state appellate court's decision is an unreasonable application of established federal law. Moreover, Houston pled no contest and preserved his right to appeal the trial court's denial of his suppression

motion. Houston asserted that if his attorney had properly and fully advised him with respect to his rights, he would have rejected the no contest plea and gone to trial. The Magistrate Judge found this assertion to be purely conclusory as Houston proffered no evidence about any defense he might have raised, especially given the large quantity of drugs and money that were found in the car on the day of his arrest.

In his objections with respect to both Grounds One and Two (and related to the claim raised in Ground Six), Houston repeatedly asserts that his trial counsel should have pursued information and investigation about the "confidential informant" that Officer Timberlake referenced in his hearing testimony. As the state court of appeals concluded, trial counsel's failure to raise a Franks issue with respect to this informant would not have altered the result of the suppression hearing or his direct appeal. The court of appeals noted that Houston's vehicle was first observed by Officer Hedrick, who saw it illegally parked while on routine patrol. She alerted other officers, due to the earlier report about a "white" car (a report apparently received from the confidential informant). But the critical events that transpired thereafter and led to the discovery of the drugs and the money hidden in the car would have occurred even if Houston had never appeared on the scene, and without regard to the information provided by the informant. The court of appeals relied on the independent source doctrine to reject his claim regarding the confidential informant.

Houston's objections regarding the Magistrate Judge's conclusions with respect to Ground Two are meritless, as he has not identified how the state court's decision was contrary to or unreasonably applied clearly established law as articulated in Strickland and its progeny. The Court therefore overrules the objections, and adopts the

Magistrate Judge's recommendations.

Ground Three: Houston contends that he was sentenced improperly on the three counts to which he pled no contest. He argues that the three offenses are allied and of similar import, and that his separate sentence on each count violates the Double Jeopardy Clause. Respondent contends that this claim is procedurally defaulted, because Houston failed to raise this objection at the time of sentencing. The Magistrate Judge observed that Houston's third assignment of error on direct appeal argued that the trial court plainly erred in sentencing him on each of the three charges.

The state court conducted a thorough plain error review, and found that the three offenses at issue were different offenses as defined by Ohio statutes, and were not allied offenses of similar import. For two of the counts, different drugs in different amounts were involved; and the third charge was tampering with evidence, plainly not allied with either of the two drug counts. In addition, Houston's sentence was an agreed sentence, which is not reviewable under Ohio law. The state court of appeals ultimately concluded that it found "no error, let alone plain error," in Houston's sentence. (Doc. 15 at 23, quoting State v. Houston, supra).

The Magistrate Judge agreed that this claim is procedurally defaulted, because Ohio's contemporaneous objection rule is an adequate and independent state ground for decision, citing a bevy of Sixth Circuit cases reaching this result. See, e.g., Wogenstahl v. Mitchell, 668 F.3d 307, 344 (6th Cir. 2012), and others cited in the Report at 24. In his objections, Houston suggests that the state court of appeals did not raise the contemporaneous objection rule, and that his ineffective assistance of counsel claims are sufficient to excuse any procedural default that occurred. These objections

lack merit. As the Magistrate Judge points out, an Ohio court's plain error review is an enforcement, and not a waiver, of a procedural default. Wogenstahl, 668 F.3d at 337. The Ohio court of appeals expressly reviewed Houston's claim for plain error and found none. And his claims of ineffective assistance of counsel also lack merit: his appellate counsel raised the issue on appeal, and both the state court and this Court have concluded that his trial counsel's performance with respect to sentencing was not deficient. Moreover, it is clear from the state court of appeals' decision that the three counts to which Houston pled no contest are not similar, nor of allied import. The Court overrules Houston's objections with respect to Ground Three.

Ground Four: Houston alleges that the trial court violated Ohio Crim. Rule 11 and Houston's constitutional rights when it accepted his plea. The Ohio court of appeals reviewed this claim on the merits when it granted his request to reopen his direct appeal and extensively discussed the facts and Houston's arguments. (See Doc. 15 at 26-33, quoting State v. Houston, 2014-Ohio-2827 (4th Dist., May 14, 2014).) The Magistrate Judge concluded that the state court's decision is not contrary to nor unreasonably applies federal law. Houston contends that he agreed to plead to Count Four as a felony of the third degree, but the indictment charges it as a second degree felony, which he suggests is a structural error mandating habeas relief. But both the state court and the Magistrate Judge rejected this contention, noting that Houston actually benefitted from any mistake regarding the degree of the felony he pled to in Count Four. As the Magistrate Judge succinctly stated, Houston has offered "... no explanation of why a rational person who is being treated as having been charged with drug possession with a maximum penalty of three years would reject that state of affairs and

insist on proceeding with a charge carrying a maximum of eight years." (Doc. 15 at 34) Houston's objections simply reassert his claim that his plea was not voluntary because the trial court failed to explain the "nature of the charge" to him. His objections lack merit, and fail to directly respond to the Magistrate Judge's conclusions. His objections with respect to Ground Four are overruled.

Ground Five: Houston alleges ineffective assistance of appellate counsel in failing to raise on direct appeal the claim raised in Ground Four above regarding his sentence. The state court of appeals overruled this claim because Houston's sentence was an agreed sentence, which is non-appealable under Ohio law. Houston contends that the state court's decision unreasonably applies federal law, and that the Ohio statute governing consecutive sentences (Ohio Rev. Code 2929.14(C)(4)) creates a protected liberty interest which the trial court violated. The Magistrate Judge concluded that the state court of appeals correctly rejected Houston's claim, as it read the consecutive sentence statute together with the agreed sentence statute. Construed in this fashion, the court found no procedural right to specific findings regarding consecutive sentences when the parties have agreed on a sentence which the trial court accepts.

In his objections, Houston cites the state court of appeal's observation in granting his application to reopen that he had raised a "colorable claim" concerning his Rule 11 arguments surrounding his plea. (See Doc. 18 at 21, quoting Doc. 7, Ex. 32 at PAGEID 293.) However, in that very discussion, the court specifically noted that if that claim was later overruled, his argument concerning his consecutive sentences would also fail. That is the situation Houston now faces: his claims concerning the voluntariness of his

pleas have been rejected by both the state court and by this Court. His claim of ineffective assistance of appellate counsel for failing to appeal a meritless claim regarding his consecutive sentences is also meritless. Houston's objections with respect to Ground Five are overruled.

      Ground Six: Houston alleges ineffective assistance of appellate counsel in failing to raise his trial attorney's failure to seek a Franks hearing concerning the confidential informant. Houston raised this claim in his application to reopen; the Ohio court of appeals found that the claim did not have a reasonable probability of success on the merits and overruled Houston's application. As noted previously, the court of appeals reviewed the facts and concluded that the outcome of Houston's appeal would not have been different if this claim had been timely raised. The Magistrate Judge concludes this claim lacks merit, because there was no search warrant issued to search Houston's car, and therefore no basis to seek a Franks hearing to contest the contents of a warrant affidavit.

      In his objections, Houston reiterates arguments presented in his traverse, that he was denied due process and equal protection by his lawyers' failure to investigate the circumstances surrounding the confidential informant and to appeal this issue. He also suggests that the search of the vehicle violated the Fourth Amendment because the facts surrounding the confidential informant were not before the trial court. The Court has already rejected Houston's Fourth Amendment contentions; and his objections with respect to Ground Six do not respond to the Magistrate Judge's basic conclusion that because there was no search warrant involved, there was no basis to seek a Franks hearing. The Court therefore overrules Houston's objections with respect to Ground

Six.

Ground Seven: Houston alleges that the court of appeals erred in refusing to grant his application to reopen with respect to the claims raised in Grounds Five and Six regarding his consecutive sentences and the failure to seek a <u>Franks</u> hearing. The Magistrate Judge found that because both of these claims were rejected by the Ohio court of appeals, there was no error in denying Houston's application. Houston's objections simply repeat his conclusory assertion that he was denied due process and equal protection. The Court finds that his objections lack merit, and they are overruled.

## CONCLUSION

As required by 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such review, the Court finds that Houston's objections to the Magistrate Judge's Report lack merit and they are overruled. The Report is adopted in full, and the Court hereby dismisses Houston's petition for a writ of habeas corpus with prejudice.

The Court finds that a certificate of appealability should not issue with respect to the petition, because reasonable jurists would not find it debatable whether this Court is correct in its ruling with respect to Houston's claims. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal of this Order would not be taken in good faith, and denies Houston leave to appeal in forma pauperis. See <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997). Houston is free to seek leave to appeal in forma pauperis from the Sixth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 24.

SO ORDERED.

THIS CASE IS CLOSED.

Dated: March 23, 2016                                    s/Sandra S. Beckwith  
                                                                               Sandra S. Beckwith, Senior Judge  
                                                                               United States District Court